■ In the Matter of Anthony B., Appellant.—In a proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Deutsch, J.), dated May 2, 1984, which, upon a fact-finding order dated April 3, 1984, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of rape in the first degree and sexual abuse in the first degree, adjudged him a juvenile delinquent and placed him on probation for two years. The appeal brings up for review the fact-finding order dated April 3, 1984.

Order affirmed, without costs or disbursements.

The appellant was charged, along with four other youths, of having raped the complaining witness, aged 12, in an open, vacant lot at approximately 8:30 A.M. while the complaining witness was en route to and within one block from her junior high school. Our review of the testimony reveals that the appellant's position that the sexual encounter was consensual was soundly refuted by all the other evidence in the case, which constituted overwhelming proof of the defendant's guilt.

It was error, however, to permit the doctor called by the People to testify that one of the bases upon which he deter-

mined that the complaining witness had been raped was the personality of the patient *(see, Kravitz v Long Is. Jewish-Hillside Med. Center,* 113 AD2d 577). Although this testimony was briefly mentioned in the oral decision of the Family Court Judge, the determination that the complainant had in fact been raped was based upon a lengthy and detailed analysis by the court of the testimony of each witness, a finding that the complaining witness was highly credible, and a finding that the appellant's witnesses were "totally incredible". In light of these findings, and the overwhelming evidence of guilt, the error was harmless. Lazer, J. P., Bracken, Brown and Kooper, JJ., concur.